**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0705-15T1

SANTANDER BANK, N.A.,

    Plaintiff-Respondent,

v.

GARRETT F. GRIGGS and
LAURA F. GRIGGS,

    Defendants-Appellants,

and

STATE OF NEW JERSEY,

    Defendant.

_____

        Submitted July 25, 2017 — Decided August 4, 2017

        Before Judges Reisner and Suter.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Union County,
        Docket No. F-11977-10.

        Garrett F. Griggs and Laura F. Griggs,
        appellants pro se.

        Phelan Hallinan Diamond & Jones, PC, attorneys
        for respondent (Sonya Gidumal Chazin, on the
        brief).

PER CURIAM

Defendants Garrett and Laura Griggs (defendants) appeal an August 21, 2015 order that denied their motion to vacate a May 11, 2015 final judgment foreclosing their interest in certain residential real estate. We affirm.

I.

In September 2006, defendants executed a $315,000 note to U.S. Mortgage Corporation (U.S. Mortgage) and a non-purchase money mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for U.S. Mortgage, on a residential property in the City of Union, Union County. The mortgage was recorded.

Defendants defaulted on the note in August 2009. In October 2009, a notice of intention to foreclose the mortgage was sent to defendants at their address in Union, which advised defendants they were in default and the amount needed to cure.

Defendants' mortgage was assigned by MERS to Sovereign Bank in February 2010 and recorded. Also in February 2010, Sovereign Bank filed a foreclosure complaint, which was personally served on defendants. Defendants did not respond and a default was entered.

Sovereign Bank, N.A. was substituted for Sovereign Bank. Plaintiff Santander Bank, N.A. (plaintiff), formerly known as Sovereign Bank, N.A., filed an amended foreclosure complaint in

December 2013. Defendants were served by mail when personal service on defendants was not successful. Defendants acknowledge receiving the amended foreclosure complaint by mail on March 10, 2014. Defendants did not answer the amended complaint, explaining that they were "trying to get in touch with the mortgage lender for some time" and were both ill. A default was entered against defendants on December 2, 2014.

Plaintiff requested entry of a final judgment of foreclosure in May 2015. Defendants claim they did not receive notice of this, but the record shows the notice of motion was sent to defendants' address in Union. When there was no opposition to the application, a final judgment of foreclosure was entered on May 11, 2015. Defendants claim not to have received a copy of the final judgment, but the record shows it was mailed to their address in Union.

Efforts commenced by plaintiff to sell the property at a sheriff's sale. Defendants filed a motion to vacate the final judgment of foreclosure, but on August 21, 2015, the trial court denied defendants' motion. The foreclosed property was sold to plaintiff on August 26, 2015.

On appeal, defendants contend the court erred in denying the motion to vacate the final judgment of foreclosure because they

"raised legally sufficient questions as to the merits of respondent's foreclosure action and legal justification." Defendants also claim plaintiff lacked standing to foreclose.

We do not know whether the court issued a memorandum decision or placed its reasons on the record when it denied defendants' motion, but the record does not include the court's findings nor have the parties supplied a transcript or written decision. See R. 1:7-4(a) ("The court shall by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury . . . ."). We could remand the case to the trial court for clarification, but under Rule 2:10-5, we also "may exercise such original jurisdiction as is necessary to the complete determination of any matter on review." Here, the record enables us to resolve the issues without a remand.

We review the trial court's order denying defendants' Rule 4:50-1 motion to vacate the final judgment of foreclosure, under an abuse of discretion standard. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994) (citations omitted). Defendants have not disputed the amount owed in the final judgment of foreclosure or that the mortgage is in default. Defendants never contested the application of this mortgage to their residential

4

property. As such, they acknowledge the primary facts needed to foreclose on the property. See Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993) (citations omitted) ("The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises."), aff'd, 273 N.J. Super. 542 (App. Div. 1994).

Defendants' principal contention is that plaintiff lacks standing to pursue the foreclosure action. In a foreclosure matter, a party seeking to establish its right to foreclose on the mortgage must generally "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). See also Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010) (citations omitted). In Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012), we held that "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing," thereby reaffirming our earlier holding in Mitchell, supra, 422 N.J. Super. at 216.

Here, in making application for the final judgment of foreclosure, the bank's representative certified that plaintiff Santander Bank, N.A. was the "holder of the aforesaid note." Also, an attorney for plaintiff certified as required by Rule 4:64-2(d) about communications with plaintiff's employee who personally reviewed the affidavit of the amount due and the original note, mortgage and assignments. The mortgage to Sovereign Bank was recorded before any foreclosure complaint was filed. Sovereign Bank then became Santander Bank. "Given that the mortgage was properly recorded and appears facially valid, under New Jersey law there is a presumption as to its validity, and the burden of proof as to any invalidity is on the party making such an argument." In re S.T.G. Enters., Inc., 24 B.R. 173, 176 (Bankr. D.N.J. 1982) (citations omitted). Defendants submitted nothing to the court to overcome this presumption. Therefore, the trial court did not abuse its discretion in denying the motion to vacate because plaintiff was assigned the mortgage and held the note prior to filing the complaint or amended complaint.

After carefully reviewing the record and the applicable legal principles, we conclude that defendants' further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

6

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0705-151